Weaver, J.
(concurring in part and dissenting in part). I concur with the majority that the rule of rea *64 sonable expectations “has no application when interpreting an unambiguous contract” and that “it is already well established that ambiguous language should be construed against the drafter, i.e., the insurer.” Ante at 62.
However, I dissent from the majority’s determination that the underinsured-motorist provisions of the automobile-insurance contract at issue are unambiguous. I would conclude that the policy is ambiguous and, therefore, construe it against the drafter.
The policy provides on its declarations page that Auto Owners’ underinsured-motorist liability limit is $100,000 per person and $300,000 per occurrence. However, the policy endorsement provides in pertinent part that “[t]he Limit of Liability is not increased because of the number of . . . persons injured . . . .” While the declarations page appears to base its under-insured premium on either a per person or a per occurrence maximum, the endorsement’s language can be read as limiting liability to strictly a per occurrence maximum because it states the liability limit will not be increased by the number of persons injured.
On the facts of this case, under the per person interpretation, defendant is liable to each injured person covered by the underinsured-motorist provisions for $75,000, the per person limit ($100,000) minus the amount each person received from the underinsured motorist ($25,000). Under a per occurrence interpretation, defendant is liable to each injured person covered by the underinsured-motorist provisions for $50,000, the per person limit ($100,000) minus the total amount available from the underinsured-motorist for the occurrence ($50,000).
*65 I would construe this ambiguity against the drafter and hold that each plaintiff is entitled to $75,000.